IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BUDDY'S PLANT PLUS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-670 |
| | ) | |
| v. | ) | United States Magistrate Judge |
| | ) | Robert C. Mitchell |
| CENTIMARK CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

**I. Introduction:**

Pending before this Court is Defendant's Motion to Strike Plaintiff's Supplemental Pre-Trial Statements. For the following reasons, Defendant's motion is denied.

**II. Relevant Facts and Procedural History:**

The instant case was removed to federal court by Defendant on November 30, 2009 (ECF 1), and Plaintiff was granted leave to file an Amended Complaint. Order of 4/2/2012; Am. Compl., (ECF No. 85). Plaintiff seeks damages for Defendant's allegedly deficient repair and replacement of the roofs of buildings owned by Plaintiff. Am. Compl., (ECF No. 85), ¶¶8-37. Plaintiff's claims against Defendant include: (1) breach of express warranties; (2) breach of implied warranties; (3) breach of the implied warranty of merchantability; (4) breach of warranty to perform in a workmanlike manner; (5) breach of contract; and, (6) fraudulent misrepresentation. Am. Compl., (ECF No. 85), 6-8.

On October 31, 2011, this Court scheduled expert discovery deadlines directing that expert reports were due November 30, 2011, fact discovery was to conclude by November 30,

2011, and expert discovery was to conclude by December 31, 2011. Minute Entry of 10/31/2011, (ECF No. 53). Plaintiff filed its Pretrial Statement on December 22, 2011, naming Kirby Hartman of Hartman Roofing, Inc. as a potential witness and indicated his expert report would be provided to Defendant. Pl.'s Pretrial Statement, (ECF No. 54) at 2, 9. On January 9, 2012, this Court extended the discovery deadline to February 29, 2012. Minute Entry of 1/9/2012, (ECF No. 69). Subsequently, upon Motion by Defendant, this Court extended the discovery deadline to July 9, 2012. Order of 5/7/2012, (ECF No. 100).

On September 13, 2012, Plaintiff filed a Supplemental Pretrial Statement indicating it would present John Bunton, or other agent of BARR Roofing Company, as a damages witness at trial, and included a Services Proposal intended to be relied upon as an exhibit for computing damages. First Supp. Pretrial Statement, (ECF No. 133) at 1. On September 18, 2012, Plaintiff filed a similar Supplemental Pretrial Statement indicating it would present Kirby Hartman of Hartman Roofing, Inc., as a damages witness at trial, and included Hartman's Services Proposal also intended to be relied upon as an exhibit for computing damages. Second Supp. Pretrial Statement, (ECF No. 134) at 1.

The present dispute involves the Pretrial Statements filed September 13 and 18, 2012, that untimely named Bunton and Hartman as expert witnesses, as general and expert discovery had closed. Defendant filed a Motion to Strike both Supplemental Pretrial Statements (ECF No. 138) on September 27, 2012 and corresponding brief in support (ECF No. 137). Defendant argues that Plaintiff is excluded from introducing Bunton or Hartman as expert witnesses because the time for identifying experts and providing reports has expired, Plaintiff was compelled to disclose the expert reports to Defendant without formal discovery requests, and

Plaintiff failed to supplement its discovery in a timely fashion. Def.'s Brief in Support of Objections to Pl.'s Supp. Pretrial Statement, (ECF No. 137) at 3-7.

### III. Analysis

Rule 26 of the Federal Rules of Civil Procedure generally governs discovery procedures and dictates: "[A] party must, without awaiting a discovery request, provide to the other parties: the name and, if known, the address and telephone number of each individual likely to have discoverable information … that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26 requires a party to timely supplement or correct its discovery disclosures, "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing…" Fed. R. Civ. P. 26(e)(1)(A).

Federal Rule of Civil Procedure 26(a)(2)(D) establishes the timing of required disclosures of experts' identities and reports, providing:

> (D) Time to Disclose Expert Testimony. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation of a court order, the disclosures must be made:
>
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2)(D).

Under Federal Rule of Civil Procedure 37(c)(1), if a party "fails to provide information or identify a witness as required in Rule 26(a) … the party is not allowed to use that information or witness to supply evidence … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). However, "the imposition of sanctions for abuse of discovery" is <u>discretionary</u>. *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995). The non-producing party has the burden of proving substantial justification for its conduct or that its failure to produce was harmless. *Waites v. Kirkbride Ctr.*, 2012 WL 3104503, *6 (E.D.Pa. July 30, 2012) (citations omitted). District courts must consider the following factors in exercising its discretion to determine whether to exclude evidence:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted;
>
> (2) the ability of the party to cure that prejudice;
>
> (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases open in court; and
>
> (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

*Jackson v. City of Pgh.*, 2011 WL 3443951, *13 (W.D.Pa. August 8, 2011) (quoting *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000)). "[E]xcluding evidence is an 'extreme sanction' for a violation of a discovery order." *Womack v. Smith*, 2012 WL 1245752, *9 (M.D.Pa. April 13, 2012) (quoting *In re TMI Litig.*, 193 F.3d 613, 721 (3d Cir. 1999)).

In cases where the timeliness of disclosing expert identities and reports is at issue, exclusion is proper only where the trial date is fast approaching. *Ciocca v. B.J.'s Wholesale Club, Inc.*, 2011 WL 3563560, *5 (E.D.Pa. Aug. 12, 2011). *See also Womack*, 2012 WL 1245752, *10 (excluding testimony where trial was "mere weeks" away); *Klatch-Maynard v.*

*Sugarloaf Twp.*, 2011 WL 2006424, *3-*5 (M.D.Pa. May 23, 2011) (excluding testimony where expert reports were filed "on the eve of trial" and over three and a half years after the deadline for expert reports passed); *Vorhes v. Mittal Steel USA, Inc.*, 2009 WL 959579, *3 (W.D.Pa. April 6, 2009) (excluding expert testimony where party amended pretrial statement one month before trial). In addition, conduct rises to the level of bad faith in the context of untimely expert disclosures only where counsel's conduct could be "deemed made in bad faith to gain a tactical advantage." *Ciocca*, 2011 WL 3563560, *5 (quoting *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 720-21 (3d Cir. 1997)). Questionable practices or conduct on counsel's part by "failing to communicate" with the court or opposing counsel does not "rise to the level of bad faith." *Coicca*, 2011WL 3563560 at *5.

Plaintiff's disclosures of Bunton and Hartman and their corresponding reports were untimely pursuant to Fed. R. Civ. P. 26(e) because they were disclosed after expert discovery had ended on December 31, 2011. Plaintiff did not supplement its disclosures prior to the close of the discovery deadline for expert or general discovery; therefore, Plaintiff violated the discovery Order imposed by this Court. However, the failure to disclose the witnesses and their reports is harmless under the aforementioned factors, and the witnesses are not excluded from testifying as to damages.

Defendant is only nominally prejudiced by the inclusion of both experts which is curable by opening the discovery period. Defendant is not surprised by the addition of Hartman because his name was disclosed in Plaintiff's Pretrial Statement filed December 22, 2011. Moreover, the subject matter of the expert reports is not trivial given that it will support Plaintiff's damages claim and would assist a jury in calculating those damages. The inclusion of Plaintiff's two

experts will not disrupt the orderly and efficient trial of the case, because the final pretrial conference and the trial date have not been set in this case.

Plaintiff has not acted in bad faith in failing to comply with the Court's Order. To the contrary, Plaintiff has asserted it would impose no objection to the depositions of both witnesses and acknowledges that discovery may be reopened to alleviate any concern for prejudice to Defendant. Pl.'s Reply, (ECF No. 146), ¶13.

Any prejudice that Defendant argues it will sustain if the experts are permitted to testify will be cured by re-opening the discovery period limited to the scope of these new disclosures to allow expert depositions to be taken, obtain an expert to review Plaintiff's expert reports, and issue a rebuttal report with the below deadlines set by the Court. *See Coicca*, 2011WL 3563560 at *5 (prejudice was cured by granting Defendant additional time to respond to the expert report, depose the expert and obtain its own expert). Defendant's currently pending Motion for Summary Judgment will not be negatively affected by the untimely expert evidence because the experts are testifying as to damages only; therefore, adjudication of the motion can proceed.

**Conclusion**

Although Plaintiff violated Rule 26(e) in not disclosing the experts and expert reports until after the close of discovery, such conduct does not compel this Court to strike the expert's testimony. Defendant suffers minimal prejudice or surprise from the inclusion of the witnesses; such prejudice can be cured by re-opening discovery if necessary; allowing the testimony does not disrupt the orderly and efficient management of the trial; and Plaintiff has not failed to comply with the Order in bad faith. Therefore, Defendant's Motion to Strike (ECF No. 138) is denied. An appropriate Order will be entered separately.